**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 10-cr-432-1 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DAN AARON POLSTER |
| ) | |
| DAMELL OWENS, ) | |
| ) | **OPINION AND ORDER** |
| Defendant. ) | |

Before the Court is Defendant Damell Owens' Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "Motion"). ECF Doc. 948. For the following reasons, the Motion is **GRANTED**.

**I.   BACKGROUND**

Owens is currently incarcerated at Northeast Ohio Correctional Center ("NEOCC"), and he is scheduled to be released on October 18, 2022. ECF Doc. 948 at 2. Until April 2022, Owens was in state custody, where he served a state prison sentence concurrently to the 156-month federal prison sentence imposed by this Court on December 19, 2013. ECF Docs 775, 807, 948. When he was released from state prison, Owens was remanded to the custody of the United States Marshals Service and transferred to NEOCC to serve the remaining portion of his federal sentence. ECF Doc. 948 at 2. Owens was not remanded the Bureau of Prisons ("BOP") because his release date was less than six months away. *Id.*

Owens now brings the instant Motion to seek a sentence modification. The Motion is based on BOP's practice of releasing most federal inmates to Residential Reentry Centers (also referred

to as halfway houses) when their release dates are near, in accordance with 18 U.S.C. § 3624(c).[1] While at these halfway houses, former federal inmates are provided with services to make their transition out of incarceration successful, such as housing support, employment search tools, and medical treatment.[2] Owens, however, is ineligible to be placed at an RRC for the final portion of his sentence because he is not in BOP custody, and he will instead reenter the general population with no transitional period in October 2022. ECF Doc. 948 at 2. Thus, Owens requests that the Court reduce his original sentence to time served and impose a new sentence remanding him to a halfway house for a term equal in length to the time remaining on his original sentence. *Id.*

The Government filed an opposition brief on May 6, 2022, and Owens filed his reply brief two days later. ECF Docs. 949, 950. The Court has reviewed the parties' arguments and now grants the Motion for the following reasons.

## II. DISCUSSION

Discretionary sentence modifications are authorized by 18 U.S.C. § 3582(c)(1). *United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019) ("The First Step Act expressly permits courts to impose a reduced sentence."). When a defendant is younger than seventy years old and has served less than thirty years in prison, three requirements must be met before a sentence modification is warranted: first, there must exist "extraordinary and compelling reasons" to warrant a sentence modification; second, the defendant must not be a danger to the safety of any other person or the community; and third, the sentence reduction must be appropriate considering

---

[1] *See About our Facilities – Reentry Centers*, Federal Bureau of Prisons, https://www.bop.gov/about/facilities/residential_reentry_management_centers.jsp (last accessed May 16, 2022).

[2] *Id.*

the Section 3553(a) sentencing factors "to the extent that they are applicable." 18 U.S.C. § 3582(c); *see also United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020).[3]

Under the first statutory requirement, the Court concludes that Owens has presented an extraordinary and compelling reason for his requested sentence modification. Owens is in a unique and precarious position: he is nearing the end of his lengthy federal sentence, but he will have no assistance in transitioning to his post-carceral life because he is detained at NEOCC. Yet, if Owens were incarcerated at a BOP facility, he would almost certainly finish his federal sentence at an RRC and, in turn, receive housing, employment, and medical services as he prepares for reentry into the general population. Owens' disparate treatment results from nothing more than the timing of his release from state prison, and there is no penological need to withhold from Owens the support programs available to nearly all other federal inmates—particularly considering that Owens has been incarcerated for nearly thirteen years and will benefit from guidance during his reentry period. Rather, depriving Owens of such programs is akin to setting him up for failure, and so Owens' need for halfway-house placement is extraordinary and compelling.

The Court's conclusion is not altered by the Government's reliance on the Sentencing Commission's policy statement for U.S. Sentencing Guidelines § 1B1.13. More specifically, the Government argues that a sentence modification is inappropriate because Owens' circumstances are not contemplated by the cited policy statement, which limits the definition of "extraordinary and compelling reasons" to situations involving an inmate's health, age, or family circumstances. ECF Doc. 949 at 5-8. However, as both parties correctly state, the cited policy statement is merely a guidepost for inmate-filed Section 3582(c) motions, for which "district courts

---

[3] While 18 U.S.C. § 3582 also includes an exhaustion requirement, Owens is not required to exhaust his administrative remedies because he is not BOP custody. *See United States v. Turner*, 19-cr-37, 2021 WL 244796, at *2 (W.D. Ky. Jan. 25, 2021).

have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021); *see also* ECF Doc. 948 at 3; ECF Doc. 949 at 4. Thus, the Court now exercises that discretion to determine that Owens' deprivation of a halfway house and its attendant support programs constitutes an extraordinary and compelling reason for a sentence modification.

Turning to the second statutory requirement, the Court further concludes that Owens' potential danger to the community is of little relevance here because he will not simply be released into the community. Rather, Owens will be required to serve approximately five months in a halfway house, where he will be subject to continued supervision.

Still, the Government argues that Owens is a danger to the community by pointing to his lengthy criminal history, ECF Doc. 949 at 8-10, but this argument fails because Owens will be released in October 2022 regardless of the Motion's outcome. As Owens correctly explains, the community's safety will be better served by providing Owens with support programs as he reenters the general population because this will decrease his risk of recidivism. *See* ECF Doc. 950 at 2. Thus, even if the Government is correct that Owens is a danger to the community, keeping Owens at NEOCC for the next five months will do nothing to mitigate the potential danger posed by his imminent release. The better alternative is to send Owens to a halfway house, where he will have the support necessary to successfully transition into the community.

And finally, turning to the third statutory requirement, the Court concludes that the Section 3553(a) factors weigh in favor of modifying Owens' sentence. Namely, the Court must consider the applicable factors, which include the defendant's characteristics, the seriousness of the offense, the kind of sentences available, the need for the sentence imposed "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most

effective manner." 18 U.S.C. § 3553(a)(2)(D). This last factor clearly signals that Owens' sentence should allow him access to the reentry programs available to other federal inmates.

Moreover, the remaining Section 3553 factors do not outweigh the benefit afforded to both Owens and the general population by the sentence modification. While the Government is correct that Owens does have a lengthy criminal history and that the current offense is serious, the Court does not assign much weight to those factors because Owens has served the vast majority of his thirteen-year sentence in custody. This means that Owens will not elide responsibility for his serious offense by granting the Motion. Rather, if Owens was in BOP custody, there is a significant probability that he would have already been placed at an RRC in accordance with 18 U.S.C. § 3624(c) and would be in the exact position that the Government now opposes. Therefore, application of the Section 3553(a) factors favors granting the Motion.

In sum, the Court will grant the Motion because Owens has demonstrated all three statutory requirements for a sentence modification. While the compassionate release provisions in 18 U.S.C. § 3582(c)(1)(A) are reserved for unusual cases, Owens' circumstances constitute the rare situation that merits a sentence reduction.

That said, the logistics of executing Owens' modified sentence are more complicated than simply resolving the Motion's legal question. An initial matter, the Court lacks the authority to provide the specific relief Owens has requested—while Owens has asked for the imposition of an additional five-month term of supervised released to be served at a halfway house, the Court cannot do so because Owens has already received the statutory maximum of five years' supervised released. *See* ECF Doc. 775 at 3; *see also* 18 U.S.C. § 3583 (b). The Court will instead reduce Owens' incarceration term to time served and modify the terms of his supervised release to require his residence in a halfway house until at least October 18, 2022. Moreover, the Court will further

require that placement at a halfway house must be secured before Owens can be released from NEOCC. The Court is mindful that halfway house placement may delay Owens' release because RRC beds are limited, but this Order is predicated upon benefits Owens will receive from a halfway house program. Thus, the reduction of Owens' incarceration term to time served cannot result in his release to the general population. When Owens does enter the halfway house, the Court maintains the sincere hope that he will take advantage of the support programs and lead a law-abiding life.

### III. CONCLUSION

For the above reasons, Defendant Damell Owens' Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF Doc. 948) is hereby **GRANTED**. The Court hereby **MODIFIES** Owens' incarceration term and reduces his sentence to time served. The Court further **MODIFIES** the conditions of Owens' supervised released to include the additional requirement that he reside at a halfway house until at least October 18, 2022. Owens shall remain in custody until U.S. Probation secures Owens' placement at a halfway house, at which point Owens shall be released to U.S. Probation to be transported to the halfway house. All other terms of supervised release imposed at sentencing are unaffected by this Order and remain in place.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster May 16, 2022*
**Dan Aaron Polster**
**United States District Judge**